STATE OF MAINE  
WALDO, SS.

SUPERIOR COURT  
DOCKET NO. RE-15-27

KYLE TRULL )
     Plaintiff )
  )
  ) DECISION AND JUDGMENT
    v. )
  )
ANNETTE REYNOLDS )
    Defendant )

A trial was held before the Court on June 19, 2017 with respect to the Plaintiff's Complaint. Both parties were present and represented by counsel. Each party testified and presented additional witnesses and numerous exhibits for the Court's consideration. Subsequent to the trial, each of the parties presented written closing arguments and reply memoranda in support of their various positions.

Based on the evidence the Court has had an opportunity to review, the Court makes the following factual findings.

## FACTUAL BACKGROUND

For a number of years prior to the Fall of 2009, the parties were engaged in an "on again off again" domestic relationship. On September 18, 2009, the parties decided to sign a promissory note obligating them to make payments

1

to the Gorham Savings Bank. The loan proceeds associated with the signing of that note were utilized to improve certain property owned by the Defendant, and to purchase a mobile home for placement on that same property.

At the time the note was signed, both parties intended to live on the improved property in the newly purchased mobile home on the Defendant's property. Later that same Fall after the loan proceeds were made available, the parties, in fact, began residing on that property, along with the Defendants two children. While both parties continued to live at that property, both contributed to its upkeep, as well as making financial contributions toward the loan obligations associated with the promissory note to Gorham Savings Bank.

At the time the parties signed the promissory note, the Plaintiff was 25 years old and was working and earning income independent from the Defendant. Although the Defendant was approximately 14 years older than the Plaintiff, and was the legal owner of the property at issue, the Court does not find that there was a great disparity of position and influence in the relationship between the parties.

By December 2010, the parties' relationship had soured to the point that the Defendant filed a complaint for protection from abuse. A permanent order for protection from abuse was issued by the District Court, by agreement of the parties. That order, in part, prohibited Mr. Trull from having any contact with Ms. Reynolds, thereby precluding him from being present on the

2

Defendant's property where the parties had previously lived. Accordingly, the Plaintiff has not returned to the property since December 2010.

At the time of the protection from abuse hearing, the parties and the presiding Judge discussed the future possession of the real property where the parties had been living, as well as the ongoing financial obligations associated with that same property.[1] In pertinent part, the following colloquy occurred,

> Trull Atty:    … my client signed a note which is secured by the parties residence and, frankly, we don't know how that will ultimately be addressed, but the intent would be that that's not being addressed in any way today as a personal property issue.
>
> Judge:    So you know that that debt will need to be resolved somehow. I don't have a prediction for how.
>
> Reynolds[2]:    If I can, I will refinance.
>
> Judge:    So you're thinking that you're going to go and refinance to free up Mr. Trull from any responsibility?

---

[1] Each of the parties offered exhibits which purported to be transcripts of the PA proceeding. Although not identical, the substance of each of the transcripts was not significantly different, especially with respect to the discussions regarding the real property.
[2] At the time of the Protection from Abuse hearing, the Defendant's last name was McCormick, and that is how it appears on the Transcript marked as Plaintiff's Exhibit 5.

3

Reynolds:     When I can, yes. I can't at the moment. I've already talked to the bank about when I can, I will resolve that.

Judge:        So you're just, you're going to do that just as fast as you can so that, a) you and he won't have that financial entanglement anymore and, by the way, b) he'll be free of that responsibility?

Reynolds:     Yeah.

Judge:        Okay, well, that makes sense. ...

This Court does not conclude that the preceding discussion during the protection from abuse proceedings, which was not made a part of the formal PA Order, created any binding contract between the parties to this proceeding. All of the discussions regarding the disentanglement of the financial obligations associated with the promissory note were all precatory in nature.

Subsequent to the protection from abuse proceedings, the Plaintiff's entire financial contribution to the outstanding obligation associated with the promissory note was limited to two monthly payments made by him in April 2011. These payments, which totaled $1,608.20 were made by him in order to allow him to obtain a personal loan to purchase a motorcycle at the time.

4

Since the protection from abuse hearing, the Defendant has continued to make payments toward the outstanding promissory note obligation owed to Gorham Savings Bank. On a number of occasions at various times with different financial institutions, the Defendant has unsuccessfully attempted to refinance the loan obligation in order, in part, to remove the Plaintiff from liability. Despite her inability to do so because of her financial circumstances, as of the time of the trial, the Defendant has, nonetheless, been current on the outstanding obligation for at least two years.

## ANALYSIS

The Plaintiff's Amended Complaint sets forth five counts seeking relief from the Court. Although not specifically named in the designation of each count in the complaint, Count One appears to assert a claim based upon a breach of contract theory. Count Two asks the Court to equitably partition the property at issue. Count Three seeks a dissolution and/or accounting of what it contends was a joint venture or partnership between the parties. Count Four argues that the Plaintiff is entitled to relief as an accommodation party within the meaning of Title 11 M.R.S. §3-1419. Finally, Count Five suggests the Defendant holds the real property at issue under a constructive trust in which the Plaintiff has a beneficial interest.

The Court is not persuaded that the Plaintiff has met his burden of proof in establishing any entitlement to relief under any of the theories set forth above.

5

1. Breach of Contract

The Plaintiff contends that at the protection from abuse proceeding at the District Court in December 2010, the parties entered into a contract regarding the future responsibility for the financial liability associated with the promissory note previously signed by both parties. At the time this contract was purportedly formed, the actual language of the parties, as set forth above, belies the creation of any contract. Having failed to establish the existence of any contract between the parties, the Court is not in any position to consider any alleged breach of the same.

2. Equitable Partition

It is not a matter of dispute that the legal title to the real property at issue in this case has always been held exclusively by the Defendant. Nonetheless, Plaintiff contends that the Court has broad authority and jurisdiction to exercise equitable powers to specifically partition the property owned by the Defendant. The specific equitable relief sought is an order requiring the Defendant to sell that same property.[3]

The Court is not persuaded that the Plaintiff has presented evidence establishing the Plaintiff's entitlement to the equitable relief he has

---

[3] Although the Court is not persuaded that Plaintiff is entitled to the equitable relief sought, another obstacle to a Court ordered sale of the property in dispute is the legal interest of the Gorham Savings Bank, the mortgage holder, which was never made a party to these proceedings.

6

requested. The Plaintiff has cited the case, *Unity Telephone Company v. Design Service Company of N. Y., 158 Me. 125 (1962)* as support for the exercise of equity jurisdiction by this Court. The Law Court there stated,

> [i]t is a well known maxim that equity will not suffer a wrong without a remedy, and absence of precedents does not prevent the application of equitable doctrines. *Id at 137.*

The actual equity exercised by the Court in *Unity Telephone* was its decision to order a new trial based upon the underlying trial court decision to deny the request to join a party in interest which had clearly established contractual interests in the underlying dispute. In the pending matter, the Plaintiff has failed to sufficiently establish the "wrong" which would entitle him to the equitable relief he seeks. To the contrary, the specific equitable relief sought could, without a valid equitable basis for doing so, violate the legal interests of the Defendant.

### 3. Partnership/Joint Venture Liability

Plaintiff contends that the transaction in the Fall 2009 effectively created a partnership or joint venture between the parties. Thus, the Plaintiff further contends he is entitled to an accounting as well as a division of partnership assets as may be just and proper.

The Law Court in *John Nagle Co. v. Gokey, 2002 ME 101, 799 A.2d 1225, 1227,* in discussing partnership and joint venture theory noted, in pertinent part,

7

the Maine Partnership Act defines a partnership as "an association of two or more persons ... to carry on as co-owners a business for profit..." 31 M.R.S.A. §286.[4] ... whether a partnership has been formed is a fact intensive inquiry in which "no one factor alone is determinative." .... "A joint venture is an association between two or more individuals or entities who agree to pool their efforts and resources to jointly seek profits." [Internal citations omitted].

The evidence presented at the trial of this matter suggests to the Court that the decision to sign a promissory note and seek funding from Gorham Savings Bank was for the purpose of acquiring a mobile home and improving the Defendant's property so that both the parties could reside there. The transaction was undertaken in their capacity as participants in a domestic relationship and not as any business venture designed or intended for the recovery of profits. Accordingly, the mobile home acquired or the other improvements made to the property on which the mobile home was placed was not a partnership or joint venture asset which this Court can act on under some application of partnership law.

4. Accommodation Party

The Maine statute at Title 11 M.R.S. §3-1419(1) states,

[i]f an instrument is issued for value given for the benefit of a party to the instrument, in this section referred to as the "accommodated

---

[4] The statute cited in *John Nagle Co.* has since been replaced by the Uniform Partnership Act, but the applicable definition of "partnership" remains the same. 31 MRS §1001(6).

party," and another party to the instrument, in this section referred to as the "accommodation party," signs the instrument for the purpose of incurring liability on the instrument without being a direct beneficiary of the value given for the instrument, the instrument is signed by the accommodation party for accommodation.

Under Maine law, accommodation parties have certain statutory rights as well as rights afforded under the general law of suretyship. Comment 7, UCC Comments, §3-1419. However, before addressing the rights of an accommodation party, this Court must be persuaded that this Plaintiff in signing the promissory note on September 18, 2009 was, in fact, an accommodation party.

The evidence does support the conclusion that, in order to secure financing from Gorham Savings Bank, the bank required the signature of the Plaintiff on the promissory note. However, to gain the status of an "accommodation party" one must sign the instrument incurring the liability, "without being a direct beneficiary of the value given for the instrument." The accommodation status is determined by the intent of the parties and must be determined by the circumstances in existence at the time the note is issued. *Cranfill v. Union Planters Bank, N.A., 158 S.W. 3d 703 (2004)*. Both parties acknowledge that there is little case law authority defining what is meant by "direct beneficiary" within the meaning of section 3-1419. This Court is persuaded, nonetheless, that the benefits which the Plaintiff realized in the form of a newly acquired mobile home in which he himself lived after signing the promissory note, is the kind of direct benefit which would take him outside the status of an accommodation party.

9

Accordingly, the Plaintiff is not entitled to relief under this theory as set forth in Count Four.

5. Constructive Trust.

In the last count in his Complaint, the Plaintiff contends that the Defendant's interest in her property should be subject to a constructive trust in order to protect his interest in that same property. Specifically, the Plaintiff argues that due to the abuse of a confidential relationship by the Defendant with respect to the Plaintiff's interest in the property which was the subject of the September 18, 2009 transaction, the Court should order the property sold.

To be entitled to this type of equitable relief, the Plaintiff initially bears the burden of establishing the existence of the kind of confidential relationship that would support the establishment of a constructive trust. *Ruebsamen v. Maddocks, 340 A.2d 31 (Me. 1975)*. In *Ruebsamen*, the Law Court noted,

> the salient elements of a confidential relation are the actual placing of trust and confidence in fact by one party in another and a great disparity of position and influence between the parties to the relation. *Id. at 35*.

In this case, the Plaintiff has failed to meet his burden in establishing the existence of that type of relationship. The Plaintiff relies heavily on the 14 year age gap between the parties as the primary basis for establishing a confidential relation between the parties. Despite the age difference between

10

the 25-year-old Plaintiff and the 39-year-old Defendant at the time the promissory note was signed, the Court is not persuaded that a great disparity of position and influence between the parties existed. Because the Plaintiff has failed to establish the existence of the confidential relation, and has not argued any other valid basis for imposing a constructive trust, the Court is not in a position to exercise its equitable authority to grant the relief Plaintiff requests.

For all the reasons set forth above, the Court hereby orders Judgment in favor of the Defendant on all Counts.

The Clerk is directed to incorporate this Decision and Judgment, by reference, in accordance with MRCivP 79(a).

Date: 2/15/18

_____
SUPERIOR COURT JUSTICE

11